Kellyville Coal Co. v. Humble.

---

### The Kellyville Coal Co. v. Jesse Humble.

1. FELLOW-SERVANTS—"*Dirt Scratcher*" *and* "*Boss Driver*."—A dirt scratcher and a boss driver in a coal mine are fellow-servants when engaged in doing the same work.

Action in Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

D. D. Evans and G. M. McDowell, attorneys for the appellant.

S. A. Bristow and Mabin & Clark, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

Appellee was employed in appellant's coal mine, and worked under one Preston Howard, who was boss driver. He claims that he was employed as a "dirt scratcher" only. Howard had charge of the dirt scratchers and timbermen of the day force in the mine. It was the duty of the timbermen to timber the entries and cross-cuts of the mine and, when occasion required, to take down the timbers. It was the duty of the dirt scratchers to take down loose rock, clear away dirt and perform such other like work as required no special skill or experience.

When the injury which is made the basis of this suit occurred, appellee had been employed in the mine five or six months, and had on several occasions, when directed by Howard, assisted in removing timbers. In the same mine was working a timberman by the name of Golding. On the occasion of the accident, Golding called on appellee to assist him in "throwing a fall" in a cross-cut. The post or prop supporting the roof was wedged in tightly, and to loosen it appellee struck it several times with a sledge which caused it to give way and let down on appellee several tons of coal, rock and timbers. For the injuries thereby received appellee brought this suit and recovered a judgment against appellant for $1,000.

The negligence alleged against appellant was in directing appellee to perform the duty of a timberman when he was inexperienced in that line of service and was employed as a dirt scratcher only. There was a conflict in the testimony as to whether appellee was employed generally to do any work in the mine to which he might be directed, or whether his employment was confined to the duties of a dirt scratcher. It does not appear that he at any time objected

to assisting timbermen, although he frequently performed that service. On the day of the injury he was not directed by his boss, Howard, to render any such service, but went at it upon the request of Golding.

To throw the prop by striking it with a sledge was dangerous and improper. The proper way was for the party to stand aside and ram it with a piece of timber. Appellee testified that he used the sledge because Golding directed him to do so. That Golding denies. The conflict is unimportant, because in our view appellee and Golding were fellow-servants. Appellant could not be held responsible for such a direction, although erroneous, unless Golding was a vice-principal. Howard was the common foreman under whom both appellee and Golding worked. Although he may have directed appellee to assist Golding on previous occasions, that would not make Golding a vice-principal. While Golding may have been directing the work, the two were, nevertheless, doing it together. Golding had no power to compel the appellee to work in a particular manner, and discharge him if he refused. The case of Agnew v. Supple, 80 Ill. App. 437, is in point.

We think the jury was erroneously led into the view that Golding was a foreman or vice-principal over appellee by the sixth instruction given for the plaintiff. Such an instruction was erroneous in the absence of proof showing that Howard had authority to appoint Golding to act as a vice-principal. The effect of the instruction is to take away from the jury the consideration of whether Golding was a fellow-servant with appellee.

No error was committed by the refusal of instructions. The law contained in the first and fourth, refused, was embodied in others given.

For error in giving the sixth instruction for appellee and because the verdict is against the evidence, the judgment must be reversed and the cause remanded.